369 S.E.2d 866

**STATE of West Virginia**

v.

**James M. OXIER.**

No. 17696.

Supreme Court of Appeals of
West Virginia.

March 31, 1988.

Dissenting Opinion June 28, 1988.

Rehearing Denied July 21, 1988.

Hugh Rogers, Kerens, for James M. Oxier.

J. Bradley Russell, Asst. Atty. Gen., Charleston, for State.

PER CURIAM:

This is an appeal by James Oxier from an order of the Circuit Court of Grant County sentencing him to life in the State penitentiary as a habitual criminal. He claims that the imposition of a life sentence in his case violates the proportionality principle contained in Article III, Section 5 of the West Virginia Constitution and in the Eighth Amendment of the United States Constitution. After reviewing the record, this Court disagrees, and affirms the judgment of the Circuit Court of Grant County.

In May, 1966, the defendant broke into a store at Valley Head, West Virginia, and stole cigars, cigarettes, and change valued at approximately $65.00. He was not armed at the time, and no one was present. For that activity he was subsequently convicted of breaking and entering.

In May, 1977, the defendant stole $312.00 worth of copper wire from the Chessie System Railroad. Later in the same year he stole a canoe worth $455.00 from an unoccupied residence. For the first crime he was convicted of grand larceny. For stealing the canoe he was convicted of breaking and entering.

On December 13, 1983, the event which triggered the present appeal occurred. In the early morning hours of that day the defendant, and several other persons, broke into a store located at Job, West Virginia. During the break-in an alarm sounded and alerted the storekeeper and members of his family, who armed themselves and went to the store. As they approached the store, someone from inside shot at them. A shoot-out ensued, and during the shoot-out the defendant was severely wounded in the right leg. He was

later apprehended, tried, and convicted of breaking and entering.

Following the defendant's conviction, the prosecuting attorney of Grant County, pursuant to the provisions of *W.Va.Code*, 61-11-18, filed a recidivist information indicating that the defendant had been convicted of breaking and entering in 1966, and that he had again been convicted of breaking and entering in 1978. The information also indicated that the defendant had been convicted of grand larceny in 1979. A recidivist trial was conducted, and at the conclusion of the trial it was determined that the defendant had been convicted of the prior crimes and that he was a recidivist. He consequently was sentenced to life in the penitentiary. He appealed his conviction, and in *State v. Oxier*, 175 W.Va. 760, 338 S.E.2d 360 (1985), this Court reversed it for trial errors. The Court also remanded the case for a new trial.

The new trial was conducted, and the defendant was again convicted. He was again tried on the recidivist issue, and after being found to be a recidivist, he was again sentenced to life in the penitentiary.

In the present proceeding the defendant claims that imposition of a life sentence upon a conviction of breaking and entering, following prior convictions for the same offense and for grand larceny, violates Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution. He specifically argues that the sentence imposed upon him was not proportionate to the character and degree of his offense.

In syllabus point 8 of *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980), this Court stated that:

Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."

In *Martin v. Leverette*, 161 W.Va. 547, 244 S.E.2d 39 (1978), the Court also recognized that proportionality analysis is appropriate when enhanced sentences are applied under West Virginia's recidivist statute, *W.Va.Code*, 61-11-18. The Court indicated that while the statute itself is not *per se* unconstitutional, application of it in a particular case may be unconstitutional if the sentence imposed is so disproportionate to the underlying offenses as to constitute cruel and unusual punishment. In determining whether the sentence is disproportionate, the Court should look at a number of factors including the nature of the defendant's offenses. *Martin v. Leverette, supra, Hart v. Coiner*, 483 F.2d 136 (4th Cir.1973), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974).

In *State v. Vance, supra*, the Court addressed the question of whether the application of the habitual criminal statute, *W.Va.Code*, 61-11-18, to a party convicted of breaking and entering constitutes cruel and unusual punishment under the State or Federal Constitutions. The Court examined two cases involving defendants convicted of crimes similar to those of which the defendant in the present proceeding was convicted. In the first case, *Griffin v. Warden*, 517 F.2d 756 (4th Cir.1975), *cert. denied*, 423 U.S. 990, 96 S.Ct. 402, 46 L.Ed.2d 308 (1975), the defendant was convicted of burglary and armed robbery. The court found in *Griffin* that the presence of the potentiality of violence against a person in the crimes committed by the defendant was a factor which would support a life sentence in a recidivist proceeding. The court also found that burglary and armed robbery carried the potentiality of violence. In the second case, *Rummel v. Estelle*, 587 F.2d 651 (5th Cir.1978), *cert. granted*, 441 U.S. 960, 99 S.Ct. 2403, 60 L.Ed.2d 1064 (1979), both the Fifth Circuit and the Supreme Court of the United States refused to reverse a recidivist life sentence on the ground that it was cruel and inhuman where the underlying offenses were obtaining money under false pretenses, fraudulent use of a credit card, and passing a forged check. In *State v. Vance*, the defendant's underlying convictions were three felony breaking and enterings. The Court refused to reverse the life

conviction. In so doing, the Court said: "We decline to apply the proportionality doctrine in the present case, since we believe the crime of breaking and entering carries the potentiality of violence and danger to life as well as to property." *State v. Vance, supra* 164 W.Va. at 233, 262 S.E.2d at 432.

In the case presently under consideration, the defendant was previously convicted of grand larceny as well as breaking and entering. He was charged with and convicted of breaking and entering immediately prior to his recidivist conviction. The facts of the last crime show that it not only carried the potentiality of violence against persons, but that it actually involved a shoot-out.

Rather clearly our law indicates that crimes involving the potentiality of violence fall in the category of those supporting the imposition of a life sentence under the recidivist statute. In view of the fact that the crime of breaking and entering potentially involves violence and danger to life, as well as the fact that there was actual violence against persons in the last crime with which the defendant was charged, this Court concludes that under the principles enunciated in *State v. Vance, supra,* the trial court did not err in imposing a life sentence upon the defendant under West Virginia's recidivist statute. The Court also believes that the defendant has failed to show any other factor which would indicate that imposition of the life sentence was improper.

The judgement of the Circuit Court of Grant County is, therefore, affirmed.

Affirmed.

MILLER, Justice, dissenting:

The decision reached by the majority today is, I believe, out of step with recent Eighth Amendment case law and fails to follow the express guarantee of proportionality contained in W.Va.Const. art. III, § 5. I, therefore, respectfully dissent.

There is no question that W.Va.Code, 61–11–18, authorizes the imposition of a life sentence upon a third felony conviction. However, as we recognized in *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980), a life sentence imposed by this statute is subject to our constitutional proportionality principle: "Penalties shall be proportioned to the character and degree of the offence." W.Va.Const. art. III, § 5. This principle was more fully developed in *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), where we set out this test in Syllabus Point 5:

"In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction."

The majority seizes upon language from *Vance* where we stated that "the crime of breaking and entering carries the potentiality of violence and danger to life as well as to property." 164 W.Va. at 233, 262 S.E.2d at 432. This skews the proportionality analysis around only one factor which, in view of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), is of dubious validity.[1]

*Helm* offers a valuable factual parallel. Mr. Helm was thrice convicted of third-degree burglary, a felony under South Dakota law. Other prior felonies included grand larceny, obtaining money by false pretenses, and third-offense driving while intoxicated. His last conviction, for which an enhanced sentence was sought, was for uttering a "no account" check. After he was adjudged a recidivist, Mr. Helm was sentenced to life imprisonment without possibility of parole.

---

1. It must be remembered that our proportionality cases, *e.g., Vance* and *Wanstreet,* were decided under our own Constitution and at a time when it appeared that the United States Supreme Court was taking an extremely restrictive view of the proportionality principle under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

434

The Supreme Court concluded that the recidivist life sentence violated the requirement of proportionality implicit in the Eighth Amendment. It stressed that a defendant's status as a recidivist cannot be "considered in the abstract," and proceeded to review Mr. Helm's felony record. While all of his prior convictions were felonies, they were "relatively minor" in that they involved property of minimal value. Further, each crime was deemed to be "nonviolent" and was directed solely against property. 463 U.S. at 296–97, 103 S.Ct. at 3013, 77 L.Ed.2d at 653.

*Helm* teaches two important lessons. First, a defendant cannot be sentenced as a recidivist simply because he has been convicted of prior "felonies." The Eighth Amendment, at a minimum, requires an inquiry into the seriousness of the underlying felony convictions. As *Helm* illustrates, the seriousness of a crime is dependent upon whether it may be characterized as "violent" or "nonviolent," and whether the criminal conduct was directed against person or property.

Second, a breaking and entering is not *per se* a crime of violence. *Helm* characterized third-degree burglary as a nonviolent crime. This is significant, for South Dakota's third-degree burglary statute was quite broad and even embraced the nighttime entry of a dwelling.[2] West Virginia's breaking and entering statute, by contrast, is limited to the entry of a building other than a dwelling or of specified vehicles and vessels.[3] *Vance*'s presumption that breaking and entering is a violent crime cannot, therefore, be squared with *Helm*.

This case, like *Helm*, presents a situation in which a defendant was sentenced to life imprisonment as a recidivist without any prior conviction for a violent felony. Un-

der our settled analysis in *Wanstreet*, such a result cannot be sustained.

*Wanstreet* states that the proportionality of a recidivist life sentence is to be determined by two reference points: (1) the third felony, and (2) the prior felonies which support enhancement of the sentence. Mr. Oxier's most recent felony conviction arose out of a break-in at a country store. Of particular importance for proportionality purposes are the circumstances of that crime. Mr. Oxier was unarmed and, if his testimony is believed, he attempted to dissuade his confederates from committing the crime. Further, it was Mr. Oxier and not an innocent third party who sustained injury in the fray.

*Wanstreet*'s second reference point is the defendant's prior felony record. Each of Mr. Oxier's prior convictions was for a property crime and, as discussed above, was nonviolent. Each was also "relatively minor," to borrow a phrase from *Helm*. The May, 1977 larceny involved copper wire valued at a mere $312. The property stolen in the two breaking and entering incidents included cigarettes valued at $65 and a canoe. The structures were not occupied at the time of entry. In each of these incidents, the defendant was convicted and served time. While one cannot condone these crimes, it is difficult to perceive that they demonstrate Mr. Oxier to be either a dangerous or violent criminal.

A life sentence is the maximum penalty prescribed by West Virginia law. Historically, the penalty has been reserved for specific intent crimes which involve violence or reckless indifference to life. Mr. Oxier's criminal record does not exhibit any discernible trend of violence. I submit that it does not further the purpose of our recid-

2. S.D.Comp.Laws Ann. § 22–32–8 (1967) (repealed 1976) provided: "A person breaking into any dwelling house in the nighttime with intent to commit a crime but under such circumstances as do not constitute burglary in the first degree, is guilty of burglary in the third degree."

3. W.Va.Code, 61–3–12, provides in part:
"If any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, storehouse, warehouse, banking house, or any house or building, other than a

dwelling house or outhouse adjoining thereto or occupied therewith, or any railroad or traction car, propelled by steam, electricity or otherwise, or any steamboat or other boat or vessel, within the jurisdiction of any county in this State, with intent to commit a felony or any larceny, he shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years."

ivist statute, or of our penal system, to apply that penalty to Mr. Oxier.  I dissent.