# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-1169** (Morgan County 16-F-6)

**Steven W. Funt,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven W. Funt, by counsel Matthew D. Brummond, appeals the Circuit Court of Morgan County's November 22, 2016, order sentencing him to a lifetime term of incarceration with the possibility of parole after serving fifteen years, and to a six-month term of incarceration to run concurrently with the lifetime sentence. The State of West Virginia, by counsel Gordon L. Mowen III, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred by admitting evidence of his previous recidivist proceeding to establish his identity and by failing to rule on his proportionality motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, petitioner was indicted by a Morgan County grand jury on a multicount indictment, including charges of grand larceny and breaking and entering. During the pretrial proceedings, petitioner was informed by the circuit court that, if found guilty of a felony during these proceedings, he faced a life sentence under the recidivist statute, West Virginia Code § 61-11-18.

In August of 2016, following petitioner's two-day jury trial, he was convicted of breaking and entering, a felony, and petit larceny, a misdemeanor. Following petitioner's conviction, the State filed a second recidivist information against him that alleged that he had been previously convicted of five felonies in 1997, 2004, and 2006. Petitioner filed a motion in which he argued that the imposition of a life sentence under the recidivist statute would be disproportionate to his criminal conduct and requested a jury trial on the recidivist information. During the pretrial proceedings, petitioner objected to the State's request to introduce documents and elicit testimony regarding his previous criminal proceedings: a conviction for grand larceny in 1997, a conviction for grand larceny in 2004, and three convictions for breaking and entering in 2006.

1

The State sought to introduce petitioner's first recidivist conviction in 2006 and related evidence establishing that petitioner was, in fact, the same person who was convicted of three felonies in 2006. The State introduced charging, sentencing, and commitment documents to show that petitioner's name, birthdate, and social security number were consistent across the 1997, 2004, and 2006 predicate offenses and the 2016 underlying proceedings. The State also presented the testimony of police, correctional, and probation officers who stated under oath that they recognized petitioner as the same individual they interacted with during the predicate offenses. The circuit court ruled that such evidence was admissible. The recidivist jury convicted petitioner and found that he was the same person who had committed the predicate offenses.

Following his conviction in the recidivist trial, in November of 2016, petitioner renewed his motion to dismiss the recidivist enhancement or, in the alternative, requested that the circuit court impose a five-year enhancement instead of a lifetime enhancement. Petitioner again argued that the lifetime recidivist sentence violated the constitutional principle that punishments be proportionate to the crimes committed. After considering the parties' arguments and petitioner's lengthy criminal history, the circuit court denied petitioner's motion and sentenced him to a lifetime term of incarceration with the possibility of parole after serving fifteen years for the breaking and entering conviction and a six-month term of incarceration for the petit larceny conviction. The circuit court then ordered that petitioner's sentence for the petit larceny conviction run concurrently to his recidivist sentence for the breaking and entering conviction. A sentencing order memorializing petitioner's sentence was entered on November 22, 2016, and it is from this order that petitioner appeals.

Petitioner argues first that the circuit court erred by admitting a sentencing and conviction order from petitioner's 2006 recidivist proceeding to prove his identity for the predicate offenses. Petitioner speculates that the information "posed a substantial risk that the jurors would rely upon the prior jury's fact-finding rather than conducting their own." Petitioner also contends that the evidence of his prior recidivist proceeding is not relevant to prove his identity in the current recidivist proceeding. We disagree.

Petitioner's assignment of error is an evidentiary challenge. Rule 401 of the West Virginia Rules of Evidence provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Further, we have held that the decision to admit or exclude evidence under Rule 403 of the West Virginia Rules of Evidence "is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse. As to the balancing under Rule 403, the trial court enjoys broad discretion." Syl. Pt. 10, in part, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Here, petitioner's previous recidivist conviction and the resulting orders were relevant to prove that an individual with the same name as petitioner had previously been convicted of felonies in three separate criminal proceedings. We have previously established that the State cannot ask the circuit court to take judicial notice of an individual's identity during a recidivist trial, and that the State must prove identity "beyond a reasonable doubt." *State v. Barlow*, 181 W.Va. 565, 571, 262 S.E.2d 530, 536 (1989). We have also held that "[t]he particular method of proof of identity varies, but it consists typically of some combination of authenticated records,

2

photographs, fingerprints, and oral testimony." *State v. Vance*, 164 W.Va. 216, 226, 262 S.E.2d 423, 429 (1980). Although the State introduced a conviction and sentencing order that stated that a Steven W. Funt had been convicted of felonies, "the mere proof of identity of names between the defendant and the person named in the prior conviction records fails to establish identity in a recidivist proceeding." *Id*. at 164 W.Va. at 226, 262 S.E.2d at 429. The State was still required to prove that the individual convicted of felonies in 1997, 2004, and 2006 was the same individual convicted in the 2006 recidivist proceeding. As such, the State elicited testimony from police and probation officers who interacted with petitioner during the predicate offense proceedings. The State also introduced the previous recidivist conviction order showing that petitioner and the individual convicted in that proceeding shared the same birthdate and social security number, and were the same individual. Finally, petitioner admitted at the underlying recidivist trial that he was the same individual convicted of the predicate offenses in 1997, 2004, and 2006, and the 2016 underlying proceedings. As such, we find no error in the circuit court's admission of petitioner's previous recidivist proceeding as evidence to establish his identity.

Next, petitioner argues that the circuit court failed to rule on his proportionality motion. Petitioner contends that the West Virginia Constitution requires that a life recidivist sentence be proportionate to the underlying crimes.[1] He also contends that "nothing in the record justifies the [circuit] court's refusal to hear [p]etitioner's motion." We disagree. Contrary to petitioner's argument, the record on appeal indicates that the circuit court explicitly considered the proportionality of petitioner's lifetime recidivist sentence after petitioner filed his recidivist pre-trial motions. The court heard the parties' arguments on the issue, requested additional briefing, and ultimately denied petitioner's pre-trial motion. The circuit court noted on the record that this Court "upheld the imposition of the life recidivism after three felonies on property crimes." Following petitioner's current recidivist conviction, he renewed his previous motion at a post-trial hearing and the circuit court again denied petitioner's motion on the record and by order entered on November 22, 2016.

Moreover, West Virginia Code § 61-11-18(c) provides that "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." The purpose of the recidivist statute has been well-established: "The primary purpose of our recidivist statutes, [West Virginia Code § 61-11-18] and [West Virginia Code § 61-11-19], is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent

---

[1]Article 3, § 5 of the West Virginia Constitution provides that

[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. *Penalties shall be proportioned to the character and degree of the offence.* No person shall be transported out of, or forced to leave the state for any offence committed within the same; nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offense.

(Emphasis added).

3

felony offenses." Syl. Pt 3, *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 583 S.E.2d 800 (2002). This Court has articulated a test for application of the life recidivist statute:

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute."

Syl. Pt. 7, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). Petitioner's most recent offense, and the one triggering the recidivist life sentence, was breaking and entering. He was previously convicted twice for grand larceny. Both of these crimes are crimes that justify the application of the recidivist statute. Further, as to the underlying offenses involved in this case, we have already upheld the imposition of a life sentence under the recidivist statute in cases where the underlying felonies were grand larceny and breaking and entering. *See State v. Oxier,* 179 W.Va. 431, 369 S.E.2d 866 (1988) (imposition of a life sentence upheld where defendant's most recent conviction was for breaking and entering and the underlying felonies consisted of two breaking and entering convictions and a grand larceny conviction); *see also Vance,* 164 W.Va. at 223-225, 262 S.E.2d at 428. Therefore, we find that petitioner's most recent convictions for breaking and entering and grand larceny were crimes that involved the threat of harm or violence. Thus, the circuit court's imposition of a recidivist life sentence pursuant to West Virginia Code § 61-11-18 did not violate the proportionality doctrine as prohibited by the West Virginia Constitution.

For the foregoing reasons, the circuit court's November 22, 2016, order sentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED:** October 23, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4