**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0676** (Morgan County CC-33-2016-F-6)

**Steven W. Funt,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Steven W. Funt, a self-represented litigant, appeals the Circuit Court of Morgan County's July 23, 2021, order denying his motion for correction of sentence filed pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 5, 2016, the grand jury indicted petitioner on two felony counts of breaking and entering; one count of misdemeanor petit larceny; one count of misdemeanor entering without breaking of automobile; one misdemeanor count of destruction of property; one count of felony grand larceny; and two counts of misdemeanor possession of a controlled substance. Petitioner's criminal trial began on August 3, 2016, and the jury found him guilty of one count of the felony offense breaking and entering and one count of petit larceny on August 4, 2016. Petitioner was acquitted on the remaining charges. The State then filed a recidivist information, which petitioner's counsel moved to dismiss based upon the assertion that a life sentence would amount to cruel and unusual punishment. Petitioner's motion to dismiss was denied, and the recidivist action proceeded to trial on October 6, 2016. At the conclusion of the recidivist trial, petitioner was found to be the same person previously convicted of the felony offenses of unlawful assault/escape in Morgan County Case No. 97-F-41; attempted possession of a controlled substance with intent to distribute in Morgan County Case No. 03-F-44; and grand larceny in Morgan County Case No. 06-F-35. Thereafter, petitioner's counsel filed a renewed motion to dismiss the recidivist information, which was denied by the circuit court. The court sentenced petitioner to life in prison with eligibility for

1

parole after fifteen years by order entered on November 15, 2016. Petitioner appealed his conviction to this Court, and his conviction was affirmed by memorandum decision in *State v. Funt*, No. 16-1169, 2017 WL 4772889 (W. Va. Oct. 23, 2017) (memorandum decision) ("*Funt I*").

Petitioner filed a petition for a writ of habeas corpus before the circuit court, asserting ineffective assistance of counsel, violations of his Sixth Amendment rights, improper comments by the trial judge, improper comments by the prosecutor, and disproportionality of his sentence. In a lengthy, detailed order denying petitioner's petition for a writ of habeas corpus, the circuit court addressed each of these allegations and found them to be without merit. The circuit court denied petitioner's petition for a writ of habeas corpus by order entered on January 26, 2021. Petitioner appealed that denial to this Court, and this Court affirmed that denial by memorandum decision in *Funt v. Ames,* No. 21-0157, 2022 WL 1164979 (W. Va. Apr. 20, 2022) (memorandum decision) ("*Funt II*").

While petitioner's appeal of the denial of his habeas petition was pending before this Court, petitioner, acting as a self-represented litigant, filed a Rule 35(a) motion to set aside his recidivist sentence on June 7, 2021, more than four years after the imposition of his November 15, 2016, sentence. In that motion, petitioner requested that he be resentenced upon his conviction for breaking and entering to a term of imprisonment of one to ten years in a state correctional facility without enhancement for having been previously convicted and sentenced for felony offenses. According to the circuit court's July 23, 2021, order denying petitioner's Rule 35(a) motion, petitioner essentially made two arguments: (1) the sentencing judge was confused about petitioner's breaking and entering offense because, during oral argument regarding West Virginia's recidivist jurisprudence, the court referred to "third strike" cases involving third offense shoplifting, DUI, and fleeing with reckless disregard and (2) that the amendments to West Virginia's recidivist statute enacted after petitioner was sentenced were procedural, not substantive, and should be retroactively applied in petitioner's case. In addressing petitioner's arguments, the circuit court noted that it had carefully considered petitioner's legal arguments, this Court's 2017 memorandum decision in petitioner's direct appeal, and applicable caselaw.

With regard to the sentencing judge's alleged confusion regarding petitioner's triggering conviction, the circuit court found that the transcripts of counsels' oral arguments show that the sentencing judge fully engaged in the issue of the legality of imposing a life sentence where there has been a third strike, even if that third strike was for a breaking and entering conviction. The court and petitioner's counsel properly discussed caselaw and its application to petitioner's case. In addressing the Rule 35(a) motion, the court concluded that there is no evidence whatsoever to suggest that the sentencing judge was somehow confused by the issues at hand and quoted this Court's 2017 memorandum decision addressing this issue. The circuit court stated that it could not "overrule" this Court's memorandum decision in *Funt I*.

In addressing petitioner's second argument, regarding the retroactive application of a change in statutory law, the circuit court set forth the recidivist statute before and after the 2020 amendment, noting that petitioner correctly argued that under the 2020 version the offense of breaking and entering was not included in the list of qualifying offenses. It went on to find that it was a fair inference that "the omission of breaking and entering from the list of qualifying offenses indicates that breaking and entering is not a qualifying offense.[] But merely establishing that

2

breaking and entering is no longer a qualifying offense does not resolve whether the 2020 revisions to the recidivist statute are retroactive." The court further determined that

> [t]he amended recidivist statute simply reflects the Legislature's judgment as to which crimes are qualifying offenses. That such judgment may change from time to time militates in favor of looking to the Legislature to state whether such change is intended to have retroactive application. The Legislature is presumed to know the law, and the law of West Virginia requires an express statement of retroactivity. Here, given the Legislature's silence on the issue of retroactivity, the argument for finality is even stronger than *Edwards v. Vannoy*[, 141 S.Ct. 1547, 1554-55 (2021).]

The circuit court, therefore, denied petitioner's Rule 35(a) motion, and petitioner appeals from that order.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner sets forth two assignments of error, though the same analysis is generally applicable to both: 1) the circuit court incorrectly applied the law and 2) the circuit court should have retroactively applied the 2020 amendments to the recidivist statute. As this Court set forth in *Funt II*,

> the amendments to West Virginia § 61-11-18 are inapplicable to petitioner, and the circuit court did not abuse its discretion or otherwise err in finding that petitioner's proportionality challenge to his recidivist life sentence has been previously, fully, and finally adjudicated so it cannot be relitigated now. While petitioner is correct that the crime for which he was convicted, breaking and entering, as defined by West Virginia Code § 61-3-12, is not included in the list of qualifying crimes in the amended recidivist statute, there is no support for petitioner's contention that it should be retroactively applied. *See Martinez,* 239 W. Va. at 613, 803 S.E.2d at 583, Syl. Pt. 2 (citations omitted) ("The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect."). Respondent asserts that the amendment to the recidivist statute contains no such language. Further, this Court has recognized the inapplicability of the amendments to the recidivist statute in recent proportionality challenges where the sentences predated the amendments. *See State v. Plante*, 19-0109, 2020 WL 6806375, at *1 n.1 (W. Va. Nov. 19, 2020)(memorandum decision); *State v. Ingram*, No. 19-0016, 2020 WL 6798906 at *1, n.2 (W. Va. Nov. 19, 2020)(memorandum decision). Therefore, we find that

petitioner is not entitled to relief on this ground.

*Funt II*, at \*4.

In addition, as we stated in *Funt I*,

Contrary to petitioner's argument, the record on appeal indicates that the circuit court explicitly considered the proportionality of petitioner's lifetime recidivist sentence after petitioner filed his recidivist pretrial motions. The court heard the parties' arguments on the issue, requested additional briefing, and ultimately denied petitioner's pre-trial motion. The circuit court noted on the record that this Court "upheld the imposition of the life recidivism after three felonies on property crimes." Following petitioner's current recidivist conviction, he renewed his previous motion at a posttrial hearing and the circuit court again denied petitioner's motion on the record and by order entered on November 22, 2016. . . . This Court has articulated a test for application of the life recidivist statute:

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute."

Syl. Pt. 7, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). Petitioner's most recent offense, and the one triggering the recidivist life sentence, was breaking and entering. He was previously convicted twice for grand larceny. Both of these crimes are crimes that justify the application of the recidivist statute. Further, as to the underlying offenses involved in this case, we have already upheld the imposition of a life sentence under the recidivist statute in cases where the underlying felonies were grand larceny and breaking and entering. *See State v. Oxier,* 179 W.Va. 431, 369 S.E.2d 866 (1988) (imposition of a life sentence upheld where defendant's most recent conviction was for breaking and entering and the underlying felonies consisted of two breaking and entering convictions and a grand larceny conviction); *see also* [*State v.*] *Vance,* 164 W.Va. [216,] 223-225, 262 S.E.2d [423,] 428 [1980]. Therefore, we find that petitioner's most recent convictions for breaking and entering and grand larceny were crimes that involved the threat of harm or violence. Thus, the circuit court's imposition of a recidivist life sentence pursuant to West Virginia Code § 61-11-18 did not violate the proportionality doctrine as prohibited by the West Virginia Constitution.

*Funt I*, at \*3.

4

We find no reason to disturb our earlier conclusions on these issues, and the circuit court did not err in denying petitioner relief on these grounds.[1]

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Haley C. Bunn

---

[1] We further find petitioner's reliance upon *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021), unavailing. While petitioner correctly quotes a portion of *Lancaster*, petitioner ignores the language immediately before and after that quote. The *Lancaster* Court declined to apply the career-offender enhancement under the federal sentencing guidelines based upon the following finding: "with no basis to apply the career-offender enhancement or to apply relevant drug quantities — as those were never calculated — the district court was left, when considering Lancaster's First Step Act motion, with gaps that needed to be filled to calculate an appropriate Guidelines range." *Id.* at 176.