WILLIAM T. MARTIN, JR.

*v.*

BOBBY J. LEVERETTE, *Superintendent,*

*West Virginia Penitentiary*

*as sucessor to*

*Arthur L. McKenzie*

(No. 14082)

Decided May 10, 1978.

*Shaffer & Wiley, Edwin B. Wiley* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *David F. Greene*, Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

This appeal is from the partial denial of a writ of habeas corpus by the Circuit Court of Mercer County. Appellant had been given a life sentence in 1970 under our habitual criminal statute, W.Va. Code, 61-11-18. This was based upon the 1970 conviction for burglary and two prior felonies, one for armed robbery and the other for the interstate transportation of a stolen motor vehicle. In 1976 the United States District Court voided the conviction for interstate transportation of a stolen motor vehicle. Thereafter, in August, 1976, appellant filed an original application for habeas corpus in this Court, which was granted returnable to the Circuit Court of Mercer County.

Prior to the hearing in the Circuit Court of Mercer County, the regular circuit judge voluntarily recused himself and this Court assigned another judge to hear the matter. At the hearing in October, 1976, it was conceded by the State that with the voiding of one of the

underlying convictions, the life sentence under the habitual criminal statute was invalid.

The judge temporarily assigned for the habeas corpus hearing entered an order voiding the life sentence. For reasons not apparent in the record, this judge did not proceed to resentence the appellant, but transferred the matter for resentencing back to the regular circuit judge. Over the objection of the appellant, the regular circuit judge sentenced the appellant to not less than one nor more than fifteen years on the original burglary conviction which had occurred in 1970, and also imposed an additional five year sentence for the prior felony conviction of armed robbery, which "said additional five year sentence to run consecutively with the sentence imposed herein."

At the time of the resentencing the regular judge gave appellant credit for time spent serving the life sentence, but denied him credit for time spent in jail prior to and after the trial on the burglary charge. Appellant also sought at the resentencing hearing to introduce evidence that W.Va. Code, 61-11-18, as it applied to the additional five year sentence, was unconstitutional. Further, claim is made that court incorrectly imposed the additional five years by adding it as a separate sentence to run consecutive to the underlying one to fifteen year sentence.

The question of whether a defendant is constitutionally entitled to credit for time spent in jail prior to trial and after trial awaiting sentence is a matter of first impression in this court.[1] By W.Va. Code, 61-11-24, a sentencing court is empowered to give such credit for pretrial confinement, but is not required to do so.[2] The statute is silent as to post-trial jail time.

---

[1] We are aware that in *Cohn v. Ketchum*, 123 W. Va. 534, 540, 17 S.E.2d 43, 46 (1941), this Court stated that it was discretionary whether to grant credit for jail time under W. Va. Code, 61-11-24, but in that case no constitutional challenge was made to the statute.

[2] "Whenever any person is convicted of an offense in a court of this State having jurisdiction thereof, and sentenced to confinement in jail or the penitentiary of this State, or by a justice of the

Appellants argue that this credit must be made mandatory in light of principles stemming from *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S.Ct. 2072 (1969), and a line of Fourth Circuit Court of Appeals cases, the latest of which are *Vickers v. Haynes*, 539 F.2d 1005 (4th Cir. 1976), and *Durkin v. Davis*, 538 F.2d 1037 (4th Cir. 1976). These decisions suggest that the Double Jeopardy Clause, as well as the Equal Protection Clause, require credit on the sentence for time spent in jail on the underlying criminal charge, at least in those instances where the maximum sentence is imposed, as here.

*Pearce's* double jeopardy holding of multiple punishment for the same offense is not foreign to this Court, as it formed part of the basis of our holding in *Conner v. Griffith*, ____ W.Va. ____, 238 S.E.2d 529, 530 (1977). The equal protection argument runs on the premise that an invidious discrimination based on wealth occurs where the indigent defendant, unable to obtain bail, stays in jail, while his wealthier counterpart is free on bond and, receiving the same ultimate sentence, will have served less total time since he had no jail time. *Durkin v. Davis, supra.*

Indeed, if the Equal Protection Clause blocks unequal treatment of criminal defendants based on indigency, as clearly settled in *Tate v. Short*, 401 U.S. 395, 28 L. Ed. 2d 130, 91 S.Ct. 668 (1971), and *Williams v. Illinois*, 399 U.S. 235, 26 L. Ed. 2d 586, 90 S.Ct. 2018 (1970) [prohibiting imprisonment as a substitute for paying fines], then we can hardly imagine a more compelling example than the indigent criminal defendant who remains in jail because he cannot make bond and receives no credit for this time.

Certainly the modern trend is to constitutionally require credit for pre- and post-conviction jail time absent some extraordinary factors. Annot., 77 A.L.R.3d 182

---

peace having jurisdiction of the offense, such person may, in the discretion of the court or justice, be given credit on any sentence imposed by such court or justice for the term of confinement spent in jail awaiting such trial and conviction."

(1977).[3] We are confronted in this case with a sentence that is the maximum that can be imposed. The principal offense, burglary, was bailable, and therefore any questions that might be left open in *Vickers* and *Durkin* are not present in this case. We recognize that while these cases are based on the United States Constitution, we are of the view to anchor the right to such credit on the provisions of our own Constitution. We, therefore, conclude that under the Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution, Article III, Sections 10 and 17, time spent in jail, either pre-trial or post-trial, shall be credited on the sentence. It was error for the trial court not to give such credit at the resentencing hearing.

The next assignment of error relates to the propriety of the resentencing of appellant to one to fifteen on the 1970 burglary conviction and an additional five years to run consecutively for the prior felony conviction under the habitual criminal statute.[4] This Court in three prior cases has dealt with this same issue. In *State ex rel.*

---

[3] Commentators generally view credit as constitutionally required. Stacy, *Constitutional Right to Sentence Credit for Pre-Trial Incarceration*, 41 U. of Cincinnati L. Rev. 823 (1972); Schornhorst, *Presentence Confinement and the Constituion: The Burial of Dead Time*, 23 Hastings L.J. 1041 (1972); *see* Note, *Sentence Crediting for State Criminal Defendants—A Constitutional Requirement*, 34 Ohio State L.J. 586 (1973).

[4] W.Va. Code, 61-11-18, reads:

"When any person is convicted of an offense and is subject to confinement in the penitentiary therefore 24, and it is determined, as provided in section nineteen [§ 61-11-19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under each sentence.

"When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

*Holstein v. Boles,* 150 W. Va. 83, 143 S.E.2d 821 (1965); *State ex rel. Curtis v. Boles,* 150 W. Va. 79, 143 S.E.2d 824 (1965); and *State ex rel. Hill v. Boles,* 149 W. Va. 779, 143 S.E.2d 467 (1965), we held that where an additional five year sentence is imposed under the habitual criminal statute, it must be added to and incorporated in the underlying sentence to form a single sentence.

In *Holstein* and *Curtis*, the underlying sentences were one to ten years and the Court made it plain that when the prior felony conviction carrying five additional years under the habitual criminal statute was imposed, the appropriate sentence would be one to fifteen years. In *Hill*, the underlying conviction was a one to five year and the enhanced five year term when added to it resulted in a one to ten year sentence. *See also State ex rel. Wright v. Boles,* 150 W. Va. 381, 146 S.E.2d 524 (1966), and *State ex rel. Widmyer v. Boles,* 150 W. Va. 109, 144 S.E.2d 322 (1965).

In the present case two separate sentences were imposed, a one to fifteen on the principal charge and an additional five years under the habitual criminal statute to run consecutively. The result is contrary to our prior case law which requires a single sentence of one to twenty years.

The statutory language is clear where, as here, an indeterminate sentence is involved for the principal offense, "five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence." The correct sentence would be one to twenty years.

Here, the sentences would require that the original term of one to fifteen years be served before the second sentence of five years would start. This result is contrary to the statutory language and our prior case law and constitutes reversible error.

Appellant claims it was error for the sentencing court to refuse his proffer to show that the habitual criminal statute was applied in a selective and discriminatory manner as to him, and therefore in violation of the

Equal Protection Clause. This precise issue was decided in *Oyler v. Boles*, 368 U.S. 448, 7 L. Ed. 2d 446, 82 S.Ct. 501 (1962), where the Supreme Court, in reviewing the application of our habitual criminal statute, stated:

> "Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. *Oregon v. Hicks, supra;* cf. *Snowden v. Hughes,* 321 US 1 (1944); *Yick Wo v. Hopkins,* 118 US 356 (1886) (by implication)." [368 U.S. at 456]

The foregoing statement from *Oyler* has been followed by numerous federal cases, not only those which have used this principle to fend off attacks on selective selective enforcement of habitual criminal statutes. *Brown v. Parratt,* 560 F.2d 303 (8th Cir. 1977); *United States v. Neary,* 552 F2d 1184 (7th Cir. 1977); *Martin v. Parratt,* 549 F.2d 50 (8th Cir. 1977). The doctrine is applicable to any claim of selective or discriminatory prosecution, and as the cases note a defendant bears a heavy burden of establishing that he has been singled out over others similarly situated *and* that the selectivity in favor of him is based on some impermissive consideration as race, religion or an attempt to prevent his exercise of constitutional rights. *United States v. Swanson,* 509 F.2d 1205 (8th Cir. 1975); *United States v. Berrios,* 501 F2d 1207 (2nd Cir. 1974); *United States v. Falk,* 479 F.2d 616 (7th Cir. 1973).

Despite adverse criticism of enhanced punishment through habitual criminal statutes such as ours[5] courts

---

[5] Katkin, *Habitual Offender Laws: A Reconsideration,* 21 Buffalo L. Rev. 99 (1971); Brown, *West Virginia Habitual Criminal Law,* 59 W.Va. L. Rev. 30 (1956); Comment, *Criminal Procedure—Recidivism—Constitutionality of the West Virginia Recidivist Statute,* 77 W.Va. L. Rev. 343 (1975).

have rather uniformly sustained such statutes against a variety of constitutional assaults.[6] The status of the law is perhaps best summarized in *Spencer v. Texas*, 385 U.S.554, 17 L. Ed. 2d 606, 87 S.Ct. 648 (1967):

> "Such statutes, though not in the precise procedural circumstances here involved, have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." [citations omitted] [385 U.S. at 560]

We recognize that in *Hart v. Coiner*, 483 F.2d 136 (4th Cir. 1973), it was held that in certain circumstances the application of imprisonment for life under our habitual criminal statute could constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Hart's* rationale rested upon four objective factors by which a sentence would be tested to determine if it violated the Cruel and Unusual Punishment Clause by being constitutionally disproportionate: (1) the nature of the offense; (2) the legislative purpose behind the punishment; (3) a comparison of the punishment with what would be inflicted in other jurisdictions; and (4) a comparison of punishment with other related offenses within the same jurisdiction. 483 F.2d at 140-142.

However, as the later case of *Griffith v. Warden*, 517 F.2d 756 (4th Cir. 1975), *cert. denied*, 423 U.S. 990, 46 L. Ed. 2d 308, 96 S.Ct. 402 (1975), demonstrates, there are boundaries to the *Hart* doctrine.[7] Here, we are not dealing with a life sentence, but a principal conviction of burglary with an enhanced five year sentence for a prior armed robbery conviction. The correct resentence is an

---

[6] *See* Annot., 79 A.L.R.2d 826 (1961); Annot., 82 A.L.R. 345 (1933); Annot., 58 A.L.R. 20 (1924).

[7] *Hart* involved a perjury conviction and two prior convictions involving forged checks. *Griffith* refused relief where the third conviction was grand larceny with a prior conviction for breaking and entering and a burglary.

indeterminate term of one to twenty years. Both crimes are serious and involve the threat of violence against persons, if not actual violence in the case of armed robbery. Appellant's claim that the sentence violates the cruel and inhuman punishment prohibition is without merit.

In *Thomas v. Leverette*, ___ W. Va. ___, 239 S.E.2d 500, 502 (1977), we noted that since constitutional issues are chiefly involved in habeas corpus proceeding, reversible error can occur where a relator is not given an adequate opportunity to present evidence to support his case. We also approved the holding of *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973), that if the habeas corpus petition is completely without substance, the court is not required to hold any hearing and may summarily dismiss the petition. *Perdue's* holding is also applicable where there are multiple grounds asserted in the petition for habeas corpus, some of which are entirely without substance. A court is not required to hold an evidentiary hearing on issues that are without legal merit.

The foregoing law clearly demonstrates that appellant's sentence under our habitual criminal statute was not a violation of equal protection standards. Similarly, the sentence was not subject to attack on the basis of cruel and unusual punishment, even under the *Hart v. Coiner* theory. We, therefore, conclude that the lower court was justified in not hearing evidence on these issues.

Several other grounds of error are urged. First, it is claimed that once the regular circuit judge had recused himself, he should not have re-entered the case for the purposes of resentencing. It is now required that once a judge voluntarily recuses himself from a case, he should not participate in any further phase of it. We have discussed this problem at some length in *Stern Bros., Inc. v. McClure*, ___ W. Va. ___, 236 S.E.2d 222 (1977), and the administrative rule appended to that case is designed to clarify these matters. However, the *Stern*

*Bros.* rule is not applicable to this case since the administrative rule associated with the case was not in existence in October, 1976.

Here, the regular circuit judge had no discretion in regard to the sentence, since both the one to fifteen and the additional five were statutorily mandated. We therefore do not find error in the regular circuit judge acting as the sentencing judge under these circumstances.

Complaint is also made that the court erred in refusing the motion to have the prosecuting attorney removed from the case on the grounds that he was prejudiced against the appellant. An affidavit of prejudice was filed in connection with the motion to disqualify, which averred that the basis of the prejudice arose from the fact that the appellant had instituted a civil action against the prosecutor in the federal court for damages and that this action had been dismissed.

There may be occasions when a prosecutor is disqualified from proceeding in a case. Some aspects of this problem are discussed in *State v. Britton,* _____ W. Va. _____, 203 S.E.2d 462 (1974). There is general authority for the proposition that where a prosecutor has a personal interest, as distinguished from his public interest, in convicting an accused, he may be disqualified. *Ganger v. Peyton,* 379 F.2d 709 (4th Cir. 1967); 63 Am. Jur. 2d *Prosecuting Attorneys* § 29. This rule is applicable to criminal prosecutions and whether it extends into habeas corpus proceedings is doubtful. To the extent that the resentencing involved the underlying criminal case, it is apparent that the motion was correctly rejected since the resentencing was controlled by the statutes.

A final ground is urged. In 1972 the appellant was resentenced to permit additional time for an appeal. Presiding at this resentencing was a special judge who had been elected and was under thirty years of age. It is claimed that this resentence is void, under our holding in *Smoot v. Dingess,* _____ W. Va. _____, 236 S.E.2d 468 (1977), since the special judge was under thirty. However, appellant's present confinement arises on the resen-

tencing of October 8, 1976, when the original life sentence was voided and a new sentence of one to fifteen years, plus an additional five years to run consecutively, was imposed.

The latest sentences, as noted earlier, were improper, and the case is remanded for entry of a correct sentence under the guidelines herein set out, with appropriate credit for time previously served under the void sentence and credit for pre-trial and post-trial jail time.

*Reversed and remanded.*