# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0398** (Wood County 15-F-169)

**Michael Trevor Johns,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Trevor Johns, pro se, appeals the Circuit Court of Wood County's January 31, 2017, order denying his motion for reduction or reconsideration of his sentence. The State, by counsel Mary M. Downey, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for reduction or reconsideration of his sentence because he should not have been granted credit for time served on both of his sentences and because he was ordered to pay fines and court costs in violation of The Victim Witness Protection Act, 18 U.S.C. §§ 3663-3664.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following petitioner's indictment for several drug-related crimes, he entered into a plea agreement with the State whereby he agreed to plead guilty to one count of operating or attempting to operate a clandestine drug laboratory and one count of possession of a precursor to manufacture methamphetamine in exchange for dismissal of the remaining charges. The circuit court accepted petitioner's plea. On April 28, 2016, the circuit court sentenced petitioner to not less than two years nor more than ten years of incarceration for his operating or attempting to operate a clandestine drug laboratory conviction and not less than two years nor more than ten years of incarceration for his possession of a precursor to manufacture methamphetamine conviction. The circuit court further ordered that these sentences run consecutively and that petitioner pay court costs and make restitution.

On August 30, 2016, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied this motion on September 6, 2016. Petitioner, pro se, then filed a second motion for reduction of sentence under Rule 35(b) on January 26, 2017, more than 120 days following his sentencing. Petitioner detailed his "institutional accomplishments" and goals he hoped to accomplish upon release, and he

1

requested that the circuit court order his sentences to run concurrently rather than consecutively, suspend the remainder of his sentence, and suspend all fines, restitution, and court costs. On January 31, 2017, the circuit court denied petitioner's pro se motion finding that it was untimely and that "there is no information which would warrant such request." It is from this order that petitioner appeals.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

We begin by noting that Rule 35(b) imposes a 120-day limitation on filing a motion under it:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

We recently held that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W.Va. 764, 806 S.E.2d 420 (2017). Accordingly, we find no error in the circuit court's denial of petitioner's motion seeking a reduction of his sentence, which was filed well outside the 120-day period set forth in Rule 35(b).

Petitioner's appeal, however, also apparently argues that his sentence is illegal, thereby implicating Rule 35(a) of the West Virginia Rules of Criminal Procedure.[1] Petitioner argues that he was given too much credit for time served under *Martin v. Leverette*, 161 W.Va. 547, 244 S.E.2d 39 (1978) and that the order to "pay fines and court costs in the amount of $24,097.00" is violative of The Victim Witness Protection Act. The record on appeal contains only a portion of what appears to be the sentencing order. The portion of the order appended reflects petitioner's

---

[1]Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

2

obligation to pay certain costs totaling $342.00, court-appointed counsel fees in the amount of $450.00, drug court costs amounting to $700.00, as well as restitution in the amount of $24,097.84. It also specifies that petitioner "is entitled to 315 days['] credit."

This portion of the order demonstrates no error on its face.[2] Restitution is required by West Virginia Code § 61-11A-4 in felony or misdemeanor cases "causing physical, psychological or economic injury or loss to a victim." Likewise, petitioner has failed to demonstrate error under *Martin*, which required that credit for time spent in jail, either pre- or post-trial, be credited on an indeterminate sentence and that any enhanced sentence obtained under our habitual criminal statute be added to the maximum term of an indeterminate sentence. 161 W.Va. at 547-48, 244 S.E.2d at 40, Syl. Pts. 1 and 2. More importantly, these asserted errors were not raised below, and "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 3, *State v. Craft*, 200 W.Va. 496, 490 S.E.2d 315 (1997).

For the foregoing reasons, the circuit court's January 31, 2017, order denying petitioner's motion for reduction or reconsideration of his sentence is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[2]"As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record[.]" Syl. Pt. 1, in part, *State v. Salmons*, 203 W.Va. 561, 509 S.E.2d 842 (1998) (citation omitted).

3