IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

No. 18-0502

_____

FILED
April 21, 2020
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

EDWIN MACK TAYLOR,
Petitioner

_____

Appeal from the Circuit Court of Randolph County
The Honorable David H. Wilmoth, Judge
No. 17-F-14

AFFIRMED

_____

Submitted: March 3, 2020
Filed: April 21, 2020

Steven B. Nanners, Esq.
Law Offices of Nanners & Willett, L.C.
Buckhannon, West Virginia
Counsel for Petitioner

Patrick S. Morrisey, Esq.
Attorney General
Holly M. Flanigan, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.     "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review.  We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review."  Syllabus Point 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

2.     "The Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."  Syllabus Point 6, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002).

WALKER, Justice:

Petitioner Edwin Taylor resolved several separate criminal charges in one universal plea agreement by agreeing to plead guilty to a single felony charge. The circuit court gave Petitioner credit for twelve days of time served toward the sentence he received for his single felony conviction, although he spent additional time in confinement for other charges that were dismissed in the universal plea agreement. Because the charges were resolved in one plea agreement, Petitioner now argues that he was constitutionally entitled to credit for time served on all charges resolved by the universal plea agreement. We disagree that double jeopardy and equal protection principles—the constitutional foundations upon which mandatory credit for time served is based—required the circuit court to credit Petitioner for time spent in confinement on separate offenses unrelated to the felony conviction to which he pleaded guilty. To grant Petitioner credit for time served on these facts would do little more than reward Petitioner for habitual criminal behavior, and, for that reason, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

On September 16, 2016, Petitioner was arrested for (1) felony carrying a concealed firearm by a person prohibited from possessing a firearm; (2) misdemeanor possession of a firearm by a person prohibited from possessing a firearm; and (3) misdemeanor possession of a controlled substance (September 2016 charges). Petitioner was incarcerated on those charges for twelve days before he was released on bond. A Randolph County Grand Jury returned a three-count indictment on the September 2016

2

charges, resulting in Circuit Court Case No. 17-F-14. Although Petitioner did not appear for his arraignment and a capias was issued for his arrest, Petitioner's bond was never revoked.[1]

Petitioner was arrested again on March 23, 2017, for: (1) grand larceny; (2) possession of a controlled substance; and (3) false information/interference with a police officer (March 2017 charges). Those charges culminated in Magistrate Court Case Nos. 17-M42M-00566 and 17-M42F-00254. Petitioner did not post bail on those charges and so remained in confinement.

In August 2017, Petitioner agreed to resolve the pending charges against him in a universal plea agreement. Under the terms of the universal plea agreement, Petitioner agreed to plead guilty to the September 2016 charge of felony carrying a concealed firearm by a prohibited person, and also agreed to pay restitution in the amount of $1,169.81 for a fraudulent schemes charge dating from July 2016 (July 2016 charge).[2] In exchange, the

---

[1] Although Petitioner argued below that he was arrested and remained in confinement as a result of the capias arrest, the circuit court attempted to clarify that argument and ascertained that he was arrested on March 23, 2017, for wholly separate criminal conduct. Petitioner did not make the capias arrest argument on appeal to this Court, nor is there any evidence in the record to support that Petitioner was, in fact, confined from March 2017 to October 2017 as a result of the capias arrest related to the September 2016 charges.

[2] The fraudulent schemes charge is Circuit Court Case No. 17-B-86.

State agreed to drop the March 2017 charges and the remaining two September 2016 charges.

Petitioner's sentencing hearing took place in October 2017. The presentence investigation report noted that Petitioner had been incarcerated for 208 days as of the date of the report, which included the time served on the March 2017 charges. But the sentencing order granted Petitioner only twelve days of time served, reflecting the twelve days Petitioner had been incarcerated before making bond on the September 2016 charge to which he had pleaded guilty. Petitioner filed a motion pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure to address credit for time served, requesting that the circuit court grant him credit for the full time he had been incarcerated from March until October 2017 on the March 2017 charges since the March 2017 charges had been dismissed as part of the universal plea agreement. The circuit court held a hearing and concluded that Petitioner was constitutionally entitled to only twelve days of time served. Petitioner now appeals that order.

## II.    STANDARD OF REVIEW

Petitioner's motion to address credit for time served falls under the purview of Rule 35 of the West Virginia Rules of Criminal Procedure.[3] We have held that our standard of review of a Rule 35 order has three parts:

---

[3] Rule 35 provides for correction or reduction of a sentence:

4

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.[4]

With this standard in mind, we turn to the parties' arguments.

## III. DISCUSSION

The universal plea agreement resolves three different sets of charges against Petitioner: the July 2016 charge, the September 2016 charges, and the March 2017 charges. Petitioner argues that, in addition to the twelve days of credit for time served, he is constitutionally entitled to credit for time served from March 2017 until his sentencing in October 2017 because he was incarcerated for charges that were resolved in the universal plea agreement. Conversely, the State argues that Petitioner is not entitled to credit for

---

(a) Correction of sentence. – The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of a sentence.

(b) Reduction of sentence. – A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

[4] Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

time served from March to October 2017 because the March 2017 charges for which he was incarcerated are unrelated to the September 2016 charge to which Petitioner pleaded guilty in the universal plea agreement.

West Virginia Code § 61-11-24 addresses credit for time served and explains:

> Whenever any person is convicted of an offense in a court of this State having jurisdiction thereof, and sentenced to confinement in jail or the penitentiary of this State, or by a justice of the peace having jurisdiction of the offense, such person may, in the discretion of the court or justice, be given credit on any sentence imposed by such court or justice for the term of confinement spent in jail awaiting such trial and conviction.

Although § 61-11-24 permits courts discretion to award credit for time served, this Court, in *State v. McClain*,[5] held that "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution *require* that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."[6] So, when an offense is bailable, a circuit court must grant a criminal defendant credit for time served in

---

[5] 211 W. Va. 61, 561 S.E.2d 783 (2002).

[6] *Id.* at syl. pt. 6 (emphasis added).

6

confinement while awaiting trial and conviction against the sentence that results from that particular conviction.

But, where a criminal defendant is incarcerated on separate charges unrelated to his conviction, we have consistently found that criminal defendant is not constitutionally entitled to credit for that time served toward his sentence.[7] That caveat serves two purposes. First, it follows the language of West Virginia Code § 61-11-24, which provides that time served is credited toward a sentence for a conviction for time spent in "confinement awaiting *such* trial and conviction."[8] Use of the word "such" in this context clearly excludes time served on separate, unrelated offenses from the calculation of days

---

[7] *See State ex rel. State v. Sims*, 240 W. Va. 18, 22, 807 S.E.2d 266, 270 (2017); *State v. Williams*, No. 15-1009, 2016 WL 4611224, at *2 (W. Va. Sept. 6, 2016) (memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges."); *State v. Bragg*, No. 14-1248, 2015 WL 7628836, at *5 (W. Va. Nov. 23, 2015) (memorandum decision) ("Despite petitioner's argument that he is entitled to time served regardless of his unrelated conviction, this Court has previously held that criminal defendants are not entitled to credit for time served in similar situations."); *State v. Rodeheaver*, No. 14-0270, 2015 WL 2382921, at *2 (W. Va. May 18, 2015) (memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges."); *State v. Bowers*, No. 13-0408, 2014 WL 211947, at *2 (W. Va. Jan. 17, 2014) (memorandum decision) ("Simply put, petitioner is not entitled to have time served credit applied to his current sentence for time spent incarcerated on unrelated charges."); *State v. Wears*, 222 W. Va. 439, 444, 665 S.E.2d 273, 278 (2008).

[8] *See* syl. pt. 3, *Sims*, 240 W. Va. at 22, 807 S.E.2d at 270 ("West Virginia Code § 61-11-24 (2014) allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement 'awaiting such trial and conviction.'").

7

credited toward a sentence. Second, it forecloses the use of credit for time served as a reward for habitual criminal behavior.[9]

As noted by the circuit court in its order, Petitioner seeks credit for time served on the March 2017 charges.[10] Petitioner does not argue that the charges are related in the traditional sense of the word. Rather, his argument is that the September 2016 felony is "related" to the March 2017 charges because they were resolved in one universal plea agreement. We disagree. The September 2016 and March 2017 offenses are not only factually and temporally distinct, but the only relation they bear to one another is that the State used the March 2017 charges as a bargaining chip to persuade Petitioner to plead guilty to one of the September 2016 charges. Petitioner could have negotiated as part of his plea agreement that time served for those March 2017 offenses be credited toward the sentence he received for the September 2016 charge, but he did not.[11] Under these facts,

---

[9] *See Wears*, 222 W. Va. at 445, 665 S.E.2d at 279.

[10] We note that there was some confusion, perhaps intentionally injected into this appeal, whether Petitioner should have been afforded time served on a charge for which he was required to pay restitution under the universal plea agreement. To be clear, Petitioner was required to pay restitution for the July 2016 charge of fraudulent schemes as noted in the presentence investigation report. Petitioner does not argue that he was incarcerated for that fraudulent schemes charge, but rather seeks to be credited for time served between March and October 2017 as a result of the March 2017 charges.

[11] Petitioner appears to argue that he was under the impression that he would be awarded time served for the March 2017 offenses. Specifically, in his brief, Petitioner argues that the Department of Corrections documentation shows that he had not received credit for the 208 days pursuant to the plea agreement, and then later argues that "the Prosecuting Attorney again stated that there was an [sic] universal plea agreement and that

we cannot conclude that Petitioner was constitutionally entitled to credit for time served for the March 2017 charges.

Rather, the circuit court's conclusion that Petitioner was not constitutionally entitled to more than the twelve days of time served toward the sentence for Petitioner's felony conviction is consistent with our jurisprudence on unrelated offenses. The application of twelve days of time served fits squarely within the purposes outlined above. First, it follows the text of the statute: Petitioner was convicted of felony possession of a firearm by a prohibited person, a crime for which he was incarcerated for twelve days before posting bond. Petitioner was not *convicted* of any other crime for which he had been incarcerated. Petitioner received credit for those twelve days of time served, consistent with this Court's holding in *McClain*.[12] Second, the circuit court's conclusion precludes Petitioner from reaping a benefit from his habitual criminal behavior. Had

the Defendant should have been granted credit for time served from March 23, 2017 until October 11, 2017."

That argument is unsupported by the record. First, the circuit court determined at sentencing that although the presentence investigation report included time served for all pending offenses, only twelve days were attributable to the offense of which he was convicted. That correction is reflected in the sentencing order. Second, Petitioner's contention that the prosecuting attorney stated that the Petitioner should have been granted credit for time served is patently false. The portion of the transcript to which Petitioner refers includes the prosecuting attorney's statement that there was a universal plea agreement and that his office has agreed, on other occasions, not to oppose additional time served in universal plea agreements, but that this particular agreement is silent as to time served. So, the prosecuting attorney told the circuit court that it would be in the court's discretion to grant additional credit for time served from March 2017 to October 2017.

[12] Syl. pt. 6, *McClain*, 211 W. Va. at 67, 561 S.E.2d at 789.

Petitioner not been arrested and incarcerated for the March 2017 charges, he would have still been out on bond for the September 2016 charges. He would have only have served twelve days in confinement, and upon sentencing for that September 2016 charge, would have been credited twelve days of time served.

Our holding in *McClain* also counsels against a finding that Petitioner is constitutionally entitled to credit for time served on the March 2017 charges. In that case, our holding was premised on two constitutional maxims as they relate to time served. We recognized in *McClain*, as we had in *Martin v. Leverette*,[13] that (1) a criminal defendant may not be subjected to incarceration that exceeds the statutory limit for that offense, and (2) that a criminal defendant who is financially unable to make bond may not be required to spend more time incarcerated than a criminal defendant who is financially able.[14] It is to meet those ends and correct those injustices that credit for time served is *mandated*, and

---

[13] 161 W. Va. 547, 244 S.E.2d 39 (1978).

[14] *McClain*, 211 W. Va. at 66–67, 561 S.E.2d at 788–89. *See also Martin*, 161 W. Va. at 550, 244 S.E.2d at 41 ("[U.S. Supreme Court and Fourth Circuit Cases]. . . suggest that the Double Jeopardy Clause, as well as the Equal Protection Clause, require credit on the sentence for time spent in jail on the underlying criminal charge, at least in those instances where the maximum sentence is imposed, as here. . . . The equal protection argument runs on the premise that an invidious discrimination based on wealth occurs where the indigent defendant, unable to obtain bail, stays in jail, while his wealthier counterpart is free on bond and, receiving the same ultimate sentence, will have served less total time since he had no jail time.").

neither can be invoked here as requiring the circuit court to have granted Petitioner credit for time served from March 2017 to October 2017.[15]

Petitioner, having been granted his twelve days of time served for the offense of felony possession of a firearm by a prohibited person, will not serve time in excess of the statutory allowance for that crime, despite that he was sentenced to the statutory maximum of three years. Although Petitioner did not make bond for the March 2017 charges, he was not convicted of those offenses, so, of course, he will not serve a sentence for them. Petitioner *was*, however, financially able to make bond for the September 2016 offense for which he was ultimately convicted. As discussed above, but for Petitioner's conduct that led to the March 2017 arrest, he would have remained on bond until his sentencing in October 2017. So, Petitioner is not serving more days in confinement for his felony conviction than a wealthier defendant convicted of the same crime would have served. For those reasons, Petitioner's circumstances implicate neither double jeopardy nor equal protection of the law such that credit for time served from March 2017 to October 2017 is constitutionally mandated, and the circuit court did not err in refusing to grant him credit for time served beyond the twelve days to which he is constitutionally entitled.

---

[15] *See Echard v. Holland*, 177 W. Va. 138, 144, 351 S.E.2d 51, 57 (1986).

## IV.    CONCLUSION

For the reasons discussed above, we affirm the May 15, 2018 order of the Circuit Court of Randolph County denying Petitioner credit for time served for the March 2017 offenses.

Affirmed.