IN IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 22-759

_____

FILED

**April 12, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

KYLE K. SLAUGHTER,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Fayette County
The Honorable Paul M. Blake Jr.
Case No. 22-F-109

AFFIRMED

_____

Submitted: February 21, 2024
Filed: April 11, 2024

James Adkins, Esq.
Fayetteville, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Mary Beth Niday, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court

SYLLABUS BY THE COURT

1.      "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."  Syllabus Point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

2.      "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)."  Syllabus Point 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

3.      "The Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."  Syllabus Point 1, *Martin v. Leverette*, 161 W. Va. 547, 244 S.E.2d 39 (1978).

i

WALKER, Justice:

While incarcerated for charges brought in the Circuit Court of Fayette County, Petitioner Kyle Slaughter's bond was revoked for separate charges that were pending in the Circuit Court of Raleigh County. All the while, he remained incarcerated on the Fayette County charges. At sentencing in Fayette County, the circuit court credited Mr. Slaughter thirty days for time served—the time between when he was first incarcerated and when his Raleigh County bond was revoked and found that any credit for time served based on the period after his bond had been revoked in Raleigh County should be applied to the charges in Raleigh County. On appeal to this Court, Mr. Slaughter contends that the circuit court erred in crediting him for only thirty days of time served rather than crediting him for the entire 263-day period that he was incarcerated. Because trial courts are required to credit criminal defendants for all time served in jail while awaiting a finding of guilt and sentencing, we agree that the circuit court erred in failing to credit Mr. Slaughter for the entire period that he was incarcerated on the Fayette County charges. But because Mr. Slaughter eventually received credit for all time served on the Fayette County charges when sentenced in Raleigh County, the error is harmless. So, we affirm.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2021, Beckley officers responded to a shooting at a residence and found Mr. Slaughter in the home with two other individuals, including a victim with a gunshot wound. When brought to the police department, Mr. Slaughter admitted to firing a handgun at the victim. He was arrested and charged with malicious wounding and wanton endangerment in Raleigh County. After that, the matter was bound over to the grand jury, and Mr. Slaughter was released on cash bond.

On December 7, 2021, Mr. Slaughter was arrested in Fayette County, after leading Mount Hope police officers on a high-speed chase. When the officers detained Mr. Slaughter, they administered a sobriety test using a breathalyzer, and determined that his blood alcohol content was over the legal limit. Mr. Slaughter then attempted to bribe the officers, and threatened the officers when they would not let him go. The Circuit Court of Fayette County arraigned Mr. Slaughter and set a $100,000 cash bond. On January 5, 2022—while he was incarcerated at Southern Regional Jail pending the Fayette County charges—the Circuit Court of Raleigh County revoked Mr. Slaughter's bond on the Raleigh County charges and set a new cash bond for $100,000 conditioned on home confinement. All the while, Mr. Slaughter remained incarcerated on the Fayette County charges.

On June 29, 2022, Mr. Slaughter pled guilty to one count of bribery in Fayette County, and the State dismissed the remaining charges.[1] At the August 26, 2022 sentencing hearing in Fayette County, Mr. Slaughter's counsel objected to the presentence investigation report, which recommended that Mr. Slaughter receive only thirty days credit for time served based on the time period from December 7, 2021 (when he was arrested on the Fayette County charges), through January 5, 2022 (when his bond was revoked in Raleigh County). Mr. Slaughter's counsel argued that he should receive credit for the entire 263-day period that he was incarcerated on the Fayette County charges pre-sentencing, and not just those days spent in jail before his Raleigh County bond was revoked.

The lower court noted the objection but determined that any credit for time served based on the period after Mr. Slaughter's bond had been revoked in Raleigh County should be applied to the charges in Raleigh County and not to the charges in Fayette

---

[1] Mr. Slaughter had been charged with one count of third-offense driving under the influence of alcohol under West Virginia Code § 17C-5-2, one count of fleeing from an officer while under the influence of alcohol under West Virginia Code § 61-5-17(j), one count of fleeing from an officer with reckless indifference under West Virginia Code § 61-5-17(f), two counts of bribery in official and political matters under West Virginia Code § 61-5A-3, one count of gross child neglect under West Virginia Code § 61-8d-4(c), one count of terroristic threats under West Virginia Code § 61-6-24, one count of driving with a revoked license for driving under the influence under West Virginia Code § 17B-4-3(b), one count of speeding under West Virginia Code § 17C-12-5, and one stop sign violation under West Virginia Code § 17C-12-5.

County, explaining that once his bond was revoked in Raleigh County, he began serving time on the Raleigh County charges. And by order entered September 13, 2022, the court found that Mr. Slaughter was only entitled to thirty days credit for time served in Fayette County. It noted that Mr. Slaughter could file a motion for reconsideration should he not receive that credit upon sentencing in Raleigh County.[2]

Petitioner appeals that order.

## II.   STANDARD OF REVIEW

We have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."[3] And, "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional

---

[2] Mr. Slaughter was indicted by the Raleigh County grand jury on May 9, 2022 of malicious wounding under West Virginia Code § 61-2-9(a). On November 16, 2022, he was convicted by plea in Raleigh County of the lesser included offense of unlawful wounding. And on January 18, 2023, he was sentenced in Raleigh County to an indeterminate term of imprisonment of not less than one nor more than five years, with credit for time served in the amount of 423 days.

[3] Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

commands."[4]  With this standard in mind, we proceed to the merits of Mr. Slaughter's appeal.

## III.  ANALYSIS

Mr. Slaughter's sole assignment of error on appeal is that the Circuit Court of Fayette County erred in crediting him only thirty days of time served—the number of days between when his incarceration in Fayette County commenced and when his bond was revoked on the Raleigh County charges.  Instead, he argues that he should receive 263 days of credit for time served—the number of days between incarceration for the Fayette County charges and when he was sentenced in Fayette County—against his term of incarceration for his Fayette County conviction.  He asserts that by only crediting him thirty days for time served, the Circuit Court of Fayette County infringed on his rights under the due process and double jeopardy clauses of the West Virginia Constitution by denying jail credit for 233 days served prior to sentencing.  So, Mr. Slaughter argues that this Court should vacate and remand to the Circuit Court of Fayette County for a corrected sentencing order granting him credit for all days served prior to sentencing on the Fayette County charges.

---

[4] Syl. Pt. 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)).

We begin with the basic premise that criminal defendants are entitled to credit for time served awaiting trial and sentencing while incarcerated on the underlying offense if the offense is bailable. West Virginia Code § 61-11-24 addresses a court's authority to credit a defendant for time served before sentencing. Under that statute, circuit courts have *discretion* to give credit on any sentence for time spent incarcerated awaiting sentencing:

> Whenever any person is convicted of an offense in a court of this State having jurisdiction thereof, and sentenced to confinement in jail or the penitentiary of this State, or by a justice of the peace having jurisdiction of the offense, such person may, in the discretion of the court or justice, be given credit on any sentence imposed by such court or justice for the term of confinement spent in jail awaiting such trial and conviction.[5]

But while § 61-11-4 leaves credit for time spent in jail awaiting trial to the discretion of the trial court, in *Martin v. Leverette*,[6] this Court held that the West Virginia Constitution *requires* that credit for time served in jail be credited against all indeterminate sentences where the underlying offense is bailable.[7] Specifically "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional

---

[5] W. Va. Code § 61-11-24.

[6] 161 W. Va. 547, 244 S.E.2d 39 (1978).

[7] *Id*. at 550, 244 S.E.2d at 41.

facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."[8] In so holding, we explained that denying a criminal defendant pretrial jail credit would result in a double jeopardy violation because such a denial could result in that defendant serving more time than allotted under the statutory sentencing scheme.[9] And a defendant with means to post bond could end up serving less time on his or her sentence than an indigent defendant who could not post bond—an equal protection violation under our constitution.[10] Similarly, in *State v. McClain*,[11] we extended that requirement to *all* bailable offenses, and not just those where the maximum allowable offense is imposed.[12]

Given that clear rule, the Circuit Court of Fayette County erred in failing to credit Mr. Slaughter for the full 263 days he spent incarcerated on Fayette County charges and awaiting sentencing in Fayette County. At the time of sentencing in Fayette County, Mr. Slaughter had served 263 days in Southern Regional Jail after being arrested for the Fayette County charges on December 7, 2021. Even though his bond was revoked in

---

[8] Syl. Pt. 1, *id*.

[9] *Id*. at 551, 244 S.E.2d at 42.

[10] *Id*.

[11] 211 W. Va. 61, 561 S.E.2d 783 (2002).

[12] Syl. Pt. 5, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002).

Raleigh County on January 5, 2023, he remained incarcerated on his Fayette County charges. But in its order, the circuit court determined that any credit for time served based on the period after Mr. Slaughter's bond had been revoked in Raleigh County should be applied to the charges in Raleigh County and not to the charges in Fayette County— reasoning that once Mr. Slaughter's Raleigh County bond had been revoked, he would have been incarcerated on the Raleigh County charges if he made bond in Fayette County.

Despite the circuit court's reasoning, it is incontrovertible that regardless of Mr. Slaughter's bond revocation on the *Raleigh County* charges, he remained incarcerated on the *Fayette County* charges from December 7, 2021, until he was sentenced in Fayette County on September 13, 2022. A straightforward application of *Martin* and *McClain* requires that Mr. Slaughter be afforded credit for time served for the entire period he spent incarcerated on the Fayette County charges.[13] Because the Fayette County sentencing order violated our constitutional commands by failing to properly credit Mr. Slaughter for the time he spent incarcerated pending his sentencing in Fayette County on the Fayette County charges, the circuit court erred in failing to credit Mr. Slaughter 263 days of time served against his sentence.

---

[13] *See also State v. Eilola*, 226 W. Va. 698, 702, 704 S.E.2d 698, 702 (2010) ("[B]ecause of the fundamental constitutional rights involved, this Court has held that the granting of presentence credit is in fact mandatory.")

The State contends that the Circuit Court of Fayette County's decision to credit Mr. Slaughter only thirty days for time served was proper under *State v. Taylor*,[14] despite the constitutional mandate that criminal defendants receive credit for time served in jail while awaiting sentencing on the underlying offense. *Taylor* does not support the State's position. In that case, *Taylor* was arrested in September 2016 on firearms and controlled substance possession charges and was incarcerated on those charges for twelve days before being released on bond.[15] He was arrested again in March 2017 on separate charges.[16] Because he did not post bond on the March 2017 charges, he remained in confinement.[17] Taylor pled guilty to the firearm charge, and in exchange, the State dropped the March 2017 charges and the other September 2016 charges. At sentencing, the court credited him for twelve days of time served—reflecting the time Taylor had served before posting bail on the September 2016 charge for which he was sentenced.[18]

On appeal to this Court, Taylor argued that the circuit court erred in concluding that he was only constitutionally entitled to twelve days of time served, rather

---

[14] 243 W. Va. 20, 842 S.E.2d 224 (2020).

[15] *Id*. at 21, 842 S.E.2d at 225.

[16] *Id*.

[17] *Id*. at 22, 842 S.E.2d at 226.

[18] *Id*.

9

than the 208 days of incarceration he served while confined on the March 2017 charges.[19]

We affirmed the circuit court's order and held that where the criminal defendant is incarcerated on separate charges unrelated to the conviction for which he is being sentenced, "the constitutional foundations upon which mandatory credit for time served is based" do not require a circuit court to credit the criminal defendant for time spent incarcerated on the separate offenses.[20]

The State argues that at the point that Mr. Slaughter's bond was revoked on the Raleigh County charges, he began serving time on those charges rather than the Fayette County charges. Under this Court's holding in *Taylor*, the State argues that courts in West Virginia are only required to credit a defendant for time served in confinement while awaiting sentencing for the *particular conviction* for which they are incarcerated.[21] So, the State contends that the circuit court properly deferred assignment of credit for time served to the Circuit Court of Raleigh County. But Mr. Slaughter was incarcerated on Fayette

---

[19] *Id*. at 23, 842 S.E.2d at 227. (The defendant in *Taylor* based much of his argument on the fact that the charges were ultimately resolved under a universal plea agreement.)

[20] *Id*. at 21, 842 S.E.2d at 225.

[21] *Id*. at 23, 842 S.E.2d at 227; *see also State ex rel. State v. Sims*, 240 W. Va. 18, 807 S.E.2d 266 (2017) (holding that trial court could not use time served awaiting trial on the unrelated charge as a credit against defendant's sentence); *State v. Greene*, No. 15-0402, 2016 WL 3463468 (memorandum decision) (W. Va., June 21, 2016) (holding that defendant was not entitled to credit for time served on overlapping, unrelated charges when credit for time served was properly applied to at least one of those charges).

County charges from the date of his arrest on December 7, 2021, until he was sentenced for one of those charges, bribery, on August 26, 2022. That Mr. Slaughter's bond was revoked on his Raleigh County charges and that a new bond was issued did not change the fact that he was incarcerated, all the while, pending indictment, his guilty plea, and his sentencing, all related to the Fayette County charges.

Having established that the Circuit Court of Fayette County erred in only awarding Mr. Slaughter thirty days of credit for time served, we now turn to the question of whether that error was harmless beyond a reasonable doubt: "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt."[22] This inquiry is necessarily fact specific.[23] In his briefing, Mr. Slaughter asserts that this Court should remand the case back to the Circuit Court of Fayette County for a corrected sentencing order granting him credit for all days served prior to sentencing—including the 233 days between when his Raleigh County bond was revoked and when he was sentenced in Fayette County. Yet at oral argument, Mr. Slaughter's counsel acquiesced that any relief on the Fayette County sentencing order was

---

[22] Syl. Pt. 5, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975).

[23] *See State v. Byers*, 247 W. Va. 168, 179, 875 S.E.2d 306, 317 (2022) ("In conducting a harmless error analysis, the inquiry is fact specific."); *see also State v. Blake*, 197 W. Va. 700, 709, 478 S.E.2d 550, 559 (1996) ("Assessments of harmless error are necessarily content-specific.").

immaterial given the Raleigh County sentencing order, which credited Mr. Slaughter 463 days for time served, a period including the 233 days that he spent incarcerated while awaiting sentencing in Fayette County.[24]  Because Mr. Slaughter was ultimately credited his full time served, we deem the error harmless and affirm.

## IV.  CONCLUSION

For the reasons discussed above, we affirm the September 13, 2022 order of the Circuit Court of Fayette County.

---

[24] The sentencing order from the Circuit Court of Raleigh County is not before this Court for appellate review but is included in the supplemental record.  As such, this Opinion should not be read to address or endorse the credit Mr. Slaughter ultimately received in Raleigh County beyond the factual recognition that this period includes the 233 days he spent incarcerated pending the Fayette County charges.