IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017
_____

No. 17-0156
_____

FILED

**November 8, 2017**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel.
STATE OF WEST VIRGINIA,
Petitioner

v.

HONORABLE DAVID J. SIMS, JUDGE OF THE
CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA;
AND DEMETRIUS MOORE
Respondents

_____

Petition for Writ of Prohibition


WRIT GRANTED

_____


Submitted: September 12, 2017
Filed:  November 8, 2017

Scott R. Smith, Esq.                           Mark D. Panepinto, Esq.
Ohio County Prosecuting Attorney               Panepinto Law Offices
Michael J. Olejasz, Esq.                       Wheeling, West Virginia
Assistant Prosecuting Attorney                 Counsel for Respondent
Wheeling, West Virginia
Counsel for Petitioner




JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syllabus Point 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds stated in State v. Butler*, 239 W. Va. 168, n.27, 799 S.E.2d 718, 729 n.27 (2017).

2. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of

first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

       3.     West Virginia Code § 61-11-24 (2014) allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement "awaiting such trial and conviction."

WALKER, Justice:

Demetrius Moore pled guilty to one count of delivery of a controlled substance and second offense felony recidivism and was sentenced to a term of imprisonment of two to fifteen years. Following sentencing, Mr. Moore filed a motion for reconsideration, seeking to have his sentence suspended. Eventually, the circuit court granted Mr. Moore's motion and applied credit for time served for a prior, unrelated domestic battery charge. The State seeks to prevent enforcement of the circuit court's order suspending Mr. Moore's sentence. The sole issue we consider is whether the circuit court properly applied sentencing credit for time served on a prior, unrelated charge. We hold that it did not and grant the State's petition for writ of prohibition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2015, Mr. Moore was indicted by an Ohio County Grand Jury and charged with two counts of delivery of a controlled substance within 1,000 feet of a school and one count of conspiracy. Pursuant to a plea agreement dated November 6, 2015, Mr. Moore pled guilty to both one count of delivery of a controlled substance and second offense felony recidivism. After factoring in an enhancement for the recidivist charge, Mr. Moore was sentenced to a term of two to fifteen years of imprisonment, with credit for forty-nine days served.

On February 3, 2016, Mr. Moore timely filed a motion requesting that his sentence be suspended and that he be released upon probation and/or alternative sentencing pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied this motion.

Subsequently, Mr. Moore moved for a reconsideration of the denial of the Rule 35(b) motion and, this time, the circuit court granted it. The circuit court based its decision upon time served by Mr. Moore while awaiting trial on a prior, unrelated charge of third offense domestic battery. In that case, Mr. Moore was found not guilty by jury trial on April 20, 2015, and was immediately released from custody.

The circuit court's reconsideration order states that Mr. Moore "served 202 days for a crime he did not commit" and, as a result, "the State of West Virginia owes him 202 days of freedom." As such, the circuit court applied the 202 days served while awaiting trial on the domestic battery charge as credit toward the sentence imposed in this matter and ordered that Mr. Moore's sentence be suspended effective February 28, 2017.

On February 16, 2017, the State moved to stay the proceedings, including the order suspending Mr. Moore's sentence effective February 28, 2017. The circuit court denied this motion on the basis that a "stay is not mandatory in the matter" and that the State has "no right of appeal in the case." Providing additional insight into its rationale, the circuit court noted that "[t]he interests of justice and common decency

2

require that the Defendant be made whole, as nearly as possible, of the wrongful loss of his freedom and liberty. . ." and "[i]n the final analysis, it is the right thing to do."

The State filed a Petition for Writ of Prohibition and Request for Immediate Stay of Proceedings with this Court on February 21, 2017. We ordered all proceedings stayed until disposition of the petition for writ of prohibition. We now consider whether a writ of prohibition is appropriate.

## II. STANDARD OF REVIEW

The State seeks a writ of prohibition to prevent enforcement of the circuit court's order suspending Mr. Moore's sentence. By statute, a writ of prohibition "shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not [*sic*] jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."[1] Addressing the limited circumstances in which the State may request a writ of prohibition in a criminal matter, we have held:

> The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the

---

[1] W. Va. Code § 53-1-1 (2016).

3

application for a writ of prohibition must be promptly presented.[2]

We consider whether a writ of prohibition is appropriate based on a lower court acting outside its legitimate power according to a five factors:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[3]

Keeping these standards in mind, we consider the arguments of the parties.

---

[2] Syl. Pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds stated in State v. Butler*, 239 W. Va. 168, ___ n.27, 799 S.E.2d 718, 729 n.27 (2017).

[3] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

## III. DISCUSSION

Whether a circuit court may grant sentencing credit for time served while awaiting trial on a prior, unrelated charge is the sole issue raised in the State's petition for writ of prohibition. We first examine the statute authorizing credit for time served. In analyzing the meaning of a statute, "[w]e look first to the statute's language [and] [i]f the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed."[4] The statute addressing sentencing credit – West Virginia Code § 61-11-24 – states:

> Whenever any person is convicted of an offense in a court of this State having jurisdiction thereof, and sentenced to confinement in jail or the penitentiary of this State, or by a justice of the peace having jurisdiction of the offense, such person may, in the discretion of the court or justice, be given credit on any sentence imposed by such court or justice for the term of confinement spent in jail *awaiting such trial and conviction.*[5]

Although the statute states that the grant of credit for time served prior to conviction is within the discretion of the sentencing court, our court has held that time spent in jail before conviction shall be credited against all terms of incarceration upon conviction

---

[4] *Appalachian Power Co. v. State Tax Dep't*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V. F. W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.").

[5] W. Va. Code § 61-11-24 (2014) (emphasis added).

when the underlying offense is bailable.[6]  In this case, we consider whether the statute permits a trial court to consider time served awaiting trial on prior, unrelated charges.

A number of our prior memorandum decisions directly support limiting sentencing credit to the current and not prior, unrelated charges.[7]  The issue was also addressed in *State v. Wears*.[8]  In that case, the lower court had denied the application of credit for time served between indictments on separate, unrelated charges.  The underlying facts were that the state voluntarily dismissed a defective indictment and subsequently indicted the defendant on the same charges of sexual assault and battery.  After the voluntary dismissal and before the second indictment, the defendant remained incarcerated as a result of "other, unrelated charges."[9]  We upheld the circuit court's

---

[6] *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002).

[7] *See State v. Williams*, No. 15-1009, 2016 WL 4611224, at *2 (W. Va. Sept. 6, 2016) (memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges"); *State v. Bowers*, No. 13-0408, 2014 WL 211947, at *2 (W. Va. Jan. 17, 2014) (memorandum decision) ("Simply put, petitioner is not entitled to have time served credit applied to his current sentence for time spent incarcerated on unrelated charges."); *State v. Bragg*, No. 14-1248, 2015 WL 7628836, at *5 (W. Va. Nov. 23, 2015) (memorandum decision) ("Despite petitioner's argument that he is entitled to time served regardless of his unrelated conviction, this Court has previously held that criminal defendants are not entitled to credit for time served in similar situations"); *State v. Wale*, No. 14-0276, 2015 WL 2382580, at *2 (W. Va. May 18, 2015) (memorandum decision) ("Simply put, petitioner is not entitled to have time-served credit applied to his current sentence for time spent in custody on unrelated charges."); *State v. Rodeheaver*, No. 14-0270, 2015 WL 2382921, at *2 (W. Va. May 18, 2015) (memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges.").

[8] *State v. Wears*, 222 W. Va. 439, 444-45, 665 S.E.2d 273, 278-79 (2008).

[9] *Id.* at 444, 665 S.E.2d at 278.

6

refusal to grant credit for time served on the unrelated charges, noting that "[a]ppellant should not be rewarded for his habitual criminal behavior."[10]

Consistent with these prior cases, we now hold that West Virginia Code § 61-11-24 allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement "awaiting such trial and conviction." In deciding that the time served by Mr. Moore while awaiting trial on prior, unrelated charges should be credited against the more recent sentence imposed, the circuit court directly contradicted the language of the statute and this Court's precedent. Therefore, because the circuit court order was clearly erroneous as a matter of law, we grant the requested writ.

## IV. CONCLUSION

For the foregoing reasons, we grant the State's petition for a Writ of Prohibition.

WRIT GRANTED.

---

[10] *Id*. at 445, 665 S.E.2d at 279.