**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0318** (Cabell County 16-F-537)

**Christopher Allen Williams,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Christopher Allen Williams, by counsel Steven T. Cook, appeals the Circuit Court of Cabell County's March 19, 2020, order denying his motion to reconsider sentence under Rule 35 of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Mary Beth Niday, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court abused its discretion by denying his motion to reconsider sentence and failing to award him credit for time served.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, petitioner was charged with delivery of a controlled substance, possession with the intent to deliver a controlled substance, conspiracy, and being a felon in possession of a firearm. At petitioner's preliminary hearing, he waived his right to the hearing and was released on a personal recognizance bond for his West Virginia charges. Petitioner was then extradited to Pennsylvania and incarcerated upon an outstanding prison sentence there.

The grand jury indicted petitioner in December of 2016 on one count of delivery of a controlled substance, three counts of possession with the intent to deliver a controlled substance,

---

[1]In petitioner's reply brief, he withdrew his first assignment of error regarding a reduction of his sentence for being a felon in possession of a firearm and supplemented the appendix with the circuit court's amended order entered November 16, 2020, reducing this sentence. Therefore, we will not address this assignment of error.

1

one count of conspiracy, and one count of being a felon in possession of a firearm. On May 8, 2017, petitioner, while incarcerated in Pennsylvania, executed a waiver of extradition, and consented to being returned to West Virginia for the above charges.

However, petitioner did not answer for the above charges until January of 2020, when he pled guilty to one count of delivery of a controlled substance and entered an *Alford*[2] plea to one count of being a felon in possession of a firearm. In return, the State dismissed the remaining counts of the indictment and agreed not to file an information for petitioner's recidivism. After accepting petitioner's pleas, the circuit court sentenced petitioner to an indeterminate term of one to fifteen years of incarceration for his conviction of delivery of a controlled substance. The court ordered that this term run consecutively to the determinate five-year sentence for petitioner's conviction of being a felon in possession of a firearm.

Immediately after sentencing, petitioner moved the court to reconsider the sentence by awarding him credit for time served pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. The circuit court set a hearing upon the motion within the conviction and sentencing order. In March of 2020, the circuit court held a hearing on petitioner's motion. Petitioner argued that he was entitled to credit for time served since March 8, 2017, because petitioner had waived his extradition on this date. The State argued that petitioner was incarcerated in Pennsylvania for unrelated crimes at that time and, therefore, he was not entitled to credit for time spent in Pennsylvania. The court denied petitioner's request for the credit finding that he was not serving time for West Virginia charges when he was incarcerated in Pennsylvania. The court denied the motion to reconsider petitioner's sentence by order entered on March 19, 2020. It is from this order that petitioner now appeals.

We have previously held that:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner argues that his sentence is illegal, thereby implicating Rule 35(a) of the West Virginia Rules of Criminal Procedure.[3] Petitioner asserts that the circuit court erred by failing to award him credit for time served while he was incarcerated in Pennsylvania because he

---

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

was "waiting on a hearing" for his West Virginia charges. Petitioner states that the "[p]rosecutor was aware that [petitioner] would return to Pennsylvania to try to address both his WV and PA charges simultaneously." He further contends that this "plan" was "organized" to "save the State of West Virginia money for paying for incarceration." Petitioner contends that the circuit court's failure to award him credit for time served violates his constitutional and due process rights.

We find that petitioner has failed to demonstrate error in calculating his credit for time served. Indeed, petitioner concedes that he returned to Pennsylvania "to serve a sentence there" and was not serving time as a pre-trial or post-trial inmate pursuant to West Virginia charges.[4] Confusingly, petitioner argues that "[i]f this was serving time on an unrelated charge then why does the indictment show 2016 and why did he execute a waiver of extradition to protect his rights?" It is unclear what petitioner is arguing as the grand jury returned an indictment upon petitioner's West Virginia charges in December of 2016, during which petitioner was serving time on an unrelated sentence in Pennsylvania. Further, petitioner's waiver of extradition has no bearing upon his argument that he should be entitled to have his incarceration time in Pennsylvania credited toward both his Pennsylvania and West Virginia sentences. Finally, petitioner cites no authority requiring credit for time served in another jurisdiction where an inmate executed a waiver of extradition to West Virginia.

The law surrounding credit for time served is well developed, and it is axiomatic that a defendant is entitled to the time spent incarcerated while awaiting trial for a crime. *See* Syl. Pt. 6, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002) ("The Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."); *State v. Eilola,* 226 W. Va. 698, 702, 704 S.E.2d 698, 702 (2010) (reiterating that granting presentence credit for time served in jail is mandatory). However, it is clear that an inmate is not entitled to credit for time served on unrelated charges, and petitioner's sentence in Pennsylvania is unrelated to his West Virginia charges. *See* Syl. Pt. 3, *State ex rel. State v. Sims*, 240 W. Va. 18, 807 S.E.2d 266 (2017) ("West Virginia Code § 61-11-24 (2014) allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement 'awaiting such trial and conviction.'"); *State v. Williams*, No. 15-1009, 2016 WL 4611224 at *2 (W. Va. Sept. 6, 2016)(memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges"); *State v. Rodeheaver*, No. 14-0270, 2015 WL 2382921 at *2 (W. Va. May 18, 2015)(memorandum decision) (denying credit for time served for unrelated charges in Maryland and Pennsylvania); *State v. Wears*, 222 W. Va. 439, 665 S.E.2d 273 (2008) (denying a defendant's request for credit for time served because he remained in custody serving time on unrelated charges); and *Echard v. Holland*, 177 W. Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime). Accordingly, petitioner was not entitled to credit for time served while he was incarcerated in Pennsylvania for an unrelated sentence.

---

[4]As indicated previously, upon petitioner's waiver of his preliminary hearing in West Virginia, he was released on a personal recognizance bond and subsequently returned to Pennsylvania to serve an unrelated sentence.

3

For the foregoing reasons, the circuit court's March 19, 2020, order denying petitioner's motion to reconsider sentence is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton