**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 23-114** (Fayette County CC-10-2021-F-204)

Eric D. Morris,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Eric D. Morris appeals the Circuit Court of Fayette County's November 29, 2022, order denying his motion for relief under Rule 35(a) of the West Virginia Rules of Criminal Procedure.[1] The petitioner alleges that the circuit court erred in denying his request to receive credit for time served, where that time was served in a different case. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted on one count of sexual assault in the third degree in 2018. He pled guilty and was sentenced to not less than one nor more than five years of imprisonment on October 21, 2019 (the "2018 case"). His sentence was suspended, and among other requirements, the petitioner was placed on thirty-six months of probation on the condition he serve ninety days in jail, followed by six months of home confinement. The State subsequently filed a notice of probation revocation, and a hearing was held on September 10, 2021. The circuit court found that the petitioner had violated the conditions of his probation by acquiring two new criminal charges and by displaying a lack of transparency with his probation officer concerning his business practices and contacts. The circuit court revoked the petitioner's probation and reinstated his sentence. He was granted ninety days of credit for the time he had previously served. The petitioner was ordered to report to jail on September 17, 2021.

Prior to the revocation of his probation in his 2018 case, the petitioner was arrested in Fayette County, in March 2021, on new charges, initiating the underlying proceedings (the "2021 case"). He was released on bond after one day in jail. The petitioner and the State resolved the charges by plea agreement, under which the petitioner pled guilty to one count of failure to register

---

[1] The petitioner is represented by Alan L. Pritt. The respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

1

as a sex offender.[2] On December 7, 2021, the circuit court sentenced the petitioner to not less than one nor more than five years imprisonment, to run consecutively to the sentence imposed in his 2018 case, and it granted the petitioner one day of credit for time served.

Pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure,[3] the petitioner filed a "Motion for Correction of Sentence" in his 2021 case alleging that he was entitled to eighty-one days of additional jail credit for the time between September 17, 2021, and December 7, 2021, which he spent serving the sentence on his 2018 case, while also awaiting the resolution of his 2021 case. He argued that he "was in actual confinement and has a right to be credited for time served" and he sought "an amended sentencing order to reflect the credit he [sought]." On November 29, 2022, the circuit court denied the petitioner's motion. The court noted that the petitioner received credit for that time toward the sentence imposed in his 2018 case and ruled that he was "not entitled to have this same period of overlapping time also applied to the sentence imposed upon his separate and unrelated conviction in the [2021 case.]" The petitioner now appeals the circuit court's denial of his Rule 35(a) motion.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Petitioner's sole assignment of error is that the circuit court abused its discretion in denying his request, made in the 2021 case, seeking credit for time served in his 2018 case. We have held that "'[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable.'" Syl. Pt. 4, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010) (quoting Syl. Pt. 6, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002)). In application, this means that a defendant must receive credit against a sentence for a bailable offense only for pre-trial confinement served for *that* particular conviction. *See* Syl. Pt. 3, *State ex rel. State v. Sims*, 240 W. Va. 18, 807 S.E.2d 266 (2017) ("West Virginia Code § 61-11-24 (2014) allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement 'awaiting such trial and conviction.'"). Indeed, "where a criminal defendant is

---

[2] One count of transferring and receiving stolen property was dismissed pursuant to the plea agreement.

[3] Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

incarcerated on separate charges unrelated to his conviction, we have consistently found that criminal defendant is not constitutionally entitled to credit for that time served toward his sentence." *State v. Taylor*, 243 W. Va. 20, 23, 842 S.E.2d 224, 227 (2020) (citations omitted). Accordingly, the petitioner is not entitled to additional credit for time served in the instant case because he was not incarcerated on the charges related to the case. Therefore, we find no error in the circuit court's denial of his Rule 35(a) motion, as the petitioner received credit for the full extent of time he spent incarcerated pre-trial on the charges related to the case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

3